UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SAMUEL M. KIMBLEY                                                  PLAINTIFF

       VS.               Civil No. 2:15-cv-02246-PKH-MEF

NANCY A. BERRYHILL,                                                DEFENDANT
Commissioner of Social Security Administration[1]

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Samuel M. Kimbley, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I.      Procedural Background:

Plaintiff filed his application for DIB on July 14, 2009, alleging an onset date of February 20, 2009, due to spinal herniation, scoliosis, osteoarthritis, neuropathy and depression. (T. 62) Plaintiff's date last insured is December 31, 2013. (Tr. 135) The Commissioner denied his application initially and on reconsideration. (T. 60-61) At Plaintiff's request, Administrative Law Judge ("ALJ"), Hon. Edward Starr, held an administrative hearing on December 14, 2010. (Tr. 39-59) Plaintiff was present and represented by counsel.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

On March 10, 2011, ALJ Starr issued a decision finding Plaintiff not disabled. (Tr. 11-28) On March 15, 2013, the Appeals Council declined to review the ALJ's decision, which rendered it the final administrative decision of the Commissioner. (Tr. 1-3) Plaintiff then filed an appeal with this Court, who remanded the matter to the ALJ on June 27, 2014, with directions to provide for an updated MRI of Plaintiff's lumbar spine in order to make a proper determination of Plaintiff's residual functional capacity ("RFC"). (Tr. 573-82)

On December 4, 2014, the ALJ held a second hearing, at which Plaintiff, represented by counsel, testified. (Tr. 516-44) On, July 30, 2015, the ALJ issued a new decision finding Plaintiff not disabled. (Tr. 490-508) The ALJ concluded Plaintiff did not engage in substantial gainful activity ("SGA") from his alleged onset date ("AOD") of February 20, 2009, through his date last insured ("DLI") of December 31, 2013, and had severe impairments of degenerative disc/joint disease, osteoarthritis, diabetes, obesity, hypertension, depression, anxiety and peripheral neuropathy. (Tr. 495-96) The ALJ further found Plaintiff had the RFC to perform sedentary work with occasional crawling, balancing, climbing, kneeling, stooping, and/or crouching; use of a cane to ambulate; routine but superficial interpersonal contact; complexity of tasks is learned by experience, with several variables and where the judgment used is within limits; and, where the supervision required is little for routine tasks and detailed for non-routine tasks. (Tr. 499-507) After considering Plaintiff's age, education, work experience, RFC, and testimony of the vocational expert, Floyd Massey, the ALJ determined Plaintiff was capable of performing jobs existing in the national economy such as: data entry clerk, bill sorter, and document preparer. (Tr. 507-08)

Plaintiff declined to file written exceptions to the ALJ's decision to the Appeals Council within 30 days of the ALJ's decision, and the Appeals Council declined to review the ALJ's decision on its own within 60 days of the ALJ's decision, which thereafter rendered the ALJ's decision the final administrative decision of the Commissioner. On November 20, 2015, Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (ECF No. 1) This matter is before the undersigned for Report and Recommendation. Both parties have filed briefs, and the case is ready for decision. (ECF Nos. 11 & 12)

## II.    <u>Applicable Law:</u>

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). The Court must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the Court must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him

from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). Only if she reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520(a)(4)(v).

## III.   Discussion:

The Court must determine whether substantial evidence, taking the record as a whole, supports the Commissioner's decision that Plaintiff had not been disabled from the AOD on February 20, 2009, through Plaintiff's DLI of December 31, 2013. Plaintiff raises two issues on appeal, which can be summarized as: (A) the ALJ failed to fully and fairly develop the record, and (B) the ALJ erred in his RFC determination. (Doc. 11, pp. 10-16)

4

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and they are repeated here only to the extent necessary.

**<u>Duty to Fully and Fairly Develop the Record:</u>**

Plaintiff asserts the ALJ failed to fully and fairly develop the record by not requesting "an MRI of Plaintiff's brain, studies to evaluate his spinal cord, and a complete neurological evaluation," pursuant to a recommendation from consultative examiner Clifford Evans, M.D., who stated that Plaintiff's pain symptoms and sensory abnormality appeared more consistent with multiple sclerosis (MS) or amyotrophic lateral sclerosis (ALS) than a mechanical disorder of the back. (ECF No. 11, p. 12) The Court disagrees.

The ALJ owes a duty to a Plaintiff to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001). The ALJ is only required to develop a reasonably complete record. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994). After reviewing the record, the undersigned finds the record contained sufficient evidence for the ALJ to make an informed decision, thus remand is unnecessary.

"A disability claimant is entitled to a full and fair hearing under the Social Security Act." *Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010) (internal quotations and citation omitted). Where "the ALJ's determination is based on all the evidence in the record, including the medical records, observations of treating physicians and others, and an individual's own description of

his limitations," the claimant has received a "full and fair hearing." *Id.* (internal quotations and citation omitted).

As directed by the District Court's Remand Order (Tr. 573-81), the ALJ reviewed evidence of a new MRI, performed on May 13, 2014, that was interpreted by Richard A. Nelson, M.D., to reveal "mild" disc narrowing and desiccation at T12-L1; "negative" results for L1-L2, L4-L5, and L3-L4; a "small" hemangioma in the superior endplate on the left at L4; and, a "small" central disc protrusion at L5-S1. (Tr. 690) The ALJ also reviewed spinal MRIs from 2001 and 2006, as well as a spinal and lower extremity x-ray in January 2010. (Tr. 442, 444, 456, 501, 578) None of the radiological evidence revealed any substantial findings or worsening of Plaintiff's conditions.

The ALJ also reviewed a neurological examination performed by Ahmad Al-Khatib, M.D., in April 2015, at the request of the ALJ. (Tr. 701-07) Dr. Al-Khatib's examination of Plaintiff revealed normal muscle bulk and tone, normal motor strength throughout, diffuse tenderness along the entire spine, and an antalgic gait. Dr. Al-Khatib opined that Plaintiff would have mild to moderate limitations with regard to his ability to sit, stand, walk, carry, and handle. Dr. Al-Khatib made no diagnoses of any neurological impairment and recommended no further testing above and beyond his own examination.

Plaintiff acknowledges he had a neurological examination performed by Dr. Al-Khatib, but he argues there is no indication Dr. Al-Khatib was provided with Dr. Evans' report or made aware of Dr. Evans' suspicions. (ECF No. 11, p. 12) As a specialist, the ALJ was entitled to afford Dr. Al-Khatib's opinion on Plaintiff's neurological conditions more credence than the statements by Dr. Evans, who is not a specialist in the field of neurology. *See Dixon v. Barnhart*,

353 F.3d 602, 606 (8th Cir. 2003) (agency may give more weight to the opinion of a specialist than to the opinion of a source who is not a specialist). (Tr. 502-03)

In addition to the medical records and consultative examinations, the ALJ considered Plaintiff's testimony, records submitted to the Commissioner, and general physical and neurological examinations requested by the Commissioner on remand in assessing Plaintiff's RFC. The undersigned finds the record contained sufficient evidence for the ALJ to make an informed decision. In order for the Court to reverse or remand this case, the Plaintiff must demonstrate unfairness or prejudice resulting from the ALJ's alleged failure to fully develop the record, and Plaintiff has failed to meet that burden. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993) (absent unfairness or prejudice, we will not reverse or remand).

**RFC Determination:**

Plaintiff argues the ALJ erred in his RFC determination because he failed to properly assess Plaintiff's credibility; failed to properly weigh an April 2011 consultative mental evaluation of Patricia Walz, Ph.D.; and, failed to include in the RFC and hypothetical question additional limitations for upper extremity, gripping and fingering, and standing and walking impairments. (ECF No. 11, p. 13-17)

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *see also Jones v. Astrue*, 619 F.3d 963,

971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).

The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, a claimant's RFC assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace." "An administrative law judge may not draw upon his own inferences from medical reports." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Instead, the ALJ should seek opinions from a claimant's treating physicians or from consultative examiners regarding the claimant's mental and physical RFC. *Id.*; *Strongson v. Barnhart,* 361 F. 3d 1066, 1070 (8th Cir. 2004).

Plaintiff makes a generic argument that the ALJ improperly assessed Plaintiff's credibility by assuming Plaintiff's various impairments were static conditions and picking out isolated bits of evidence in an attempt to find inconsistencies with the evidence. (ECF No. 11, p. 14) In assessing Plaintiff's RFC, the ALJ considered: Plaintiff's testimony at the hearing; disability and function reports; treatment records from Drs. Jarnagin and Phillips, the Good Samaritan Medical Clinic, and Arkansas Pain Specialists; the radiological evidence, including an updated MRI; GAF scores; a third party function report; and, the state agency medical consultative examinations. (T. 499-506)

The ALJ conducted a thorough assessment of Plaintiff's alleged pain and limitations, and he gave good reasons for his determination that Plaintiff's statements concerning the intensity,

8

persistence and limitations of his symptoms were not entirely credible or consistent with the objective medical evidence. The ALJ reviewed radiological evidence of Plaintiff's thoracic spine, lumbar spine and knees and found relatively insubstantial findings. (Tr. 501) The ALJ also noted that Plaintiff worked at the SGA level for many years despite his alleged severe pain and did not seek formal pain management until July of 2014. (Tr. 501) In addition, evidence in the medical records indicates that Plaintiff failed to follow the treatment recommendations of his providers, and that he received benefit from provided treatment. (Tr. 502)

The ALJ also considered Plaintiff's admitted daily activities, which indicated Plaintiff was able to attend to his personal hygiene, attend college classes, prepare meals, perform household chores, drive, shop, manage his own financial affairs, and attend school events and church. (Tr. 503)  The ALJ is in the best position to evaluate a claimant's credibility, and the Court finds the ALJ provided sufficient reasons for determining Plaintiff's complaints were less than fully credible in connection with his alleged pain and functional limitations. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

Plaintiff also takes issue with the weight the ALJ afforded to Dr. Walz's April 2011, consultative mental examination. Dr. Walz opined in her medical source statement ("MSS") that Plaintiff's ability to complete a normal workweek and get along with co-workers and/or peers without distracting them or exhibiting behavioral extremes is markedly impaired. (Tr. 487) However, the ALJ discounted her MSS finding it inconsistent with her examination report and other evidence in the record. The ALJ noted that according to Dr. Walz, Plaintiff's attention and concentration skills were adequate during her evaluation and he persisted well; Plaintiff also

9

demonstrated the ability to complete college level courses required to obtain a bachelor's degree. (Tr. 498, 504)

The ALJ further noted that Plaintiff reported benefit from prescribed treatment, as he reported to Dr. Terry Efird on October 6, 2009 that his Cymbalta was beneficial, and Dr. Sewell noted Plaintiff's depression was "mild" in July of 2014. (Tr. 504) Finally, Dr. Efird noted during his examination that Plaintiff smiled, laughed, and exhibited no remarkable indications of acute emotional distress; communicated and interacted in a reasonably intelligible, effective, and socially adequate manner; was functioning well academically; and, Plaintiff's thoughts were primarily logical, relevant, and goal directed. (Tr. 386-90, 504) Dr. Efird also opined Plaintiff exhibited no remarkable indications of cognitive inefficiency and appeared to be able to track and respond adequately with no remarkable problems with attention, concentration, or pace. (Tr. 504)

The Court finds the ALJ properly considered the MSS completed by Dr. Walz in connection with Plaintiff's reported activities and other medical evidence in the record and afforded it the appropriate weight. The Eighth Circuit has held that the ALJ may discount a consultative treating opinion if it is inconsistent with the examiner's own treatment notes or a claimant's reported activities. *See Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005); s*ee also, Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009).

Finally, Plaintiff contends the ALJ's RFC determination is flawed because it does not include a limitation on the use of Plaintiff's upper extremities and does not address his need to lie down or use a wheelchair for mobility. (ECF No. 11, p. 13) However, Plaintiff's treatment records supported the ALJ's RFC determination.

10

The ALJ noted that Dr. Evans indicated that Plaintiff's upper extremities were "ok" (sic), with only the possibility of some early neuropathy noted. (Tr. 696) Dr. Evans reported that Plaintiff displayed a full range of motion in the hands, wrists, shoulders, and elbows. (Tr. 694) Dr. Evans observed that Plaintiff could hold a pen and write, touch fingertips to palm, oppose thumb to fingers, pick up a coin, and possessed normal grip strength. (Tr. 694-95) The ALJ specifically stated he took these findings into account when forming the RFC, and further that the pain and limitations alleged by Plaintiff were not supported by the findings of Dr. Al-Khatib. Dr. Al-Khatib found Plaintiff would have only mild to moderate limitations with regard to his ability to sit, stand, walk, carry, and handle. (Tr. 707) Dr. Al-Khatib also reported Plaintiff possessed normal sensory function and could ambulate without using a wheelchair, walker, canes, or crutches. (Tr. 705, 707)

The ALJ's RFC determination was consistent with the medical records, and he adequately accounted for Plaintiff's limitations. While it is the ALJ's duty to develop the record, the burden of persuasion to prove disability and demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five. *Harris v. Barnhart,* 356 F.3d 926, 931 n. 2 (8th Cir. 2004). Considering all the evidence of record, the undersigned finds the RFC determined by the ALJ is supported by substantial evidence.

## IV.    CONCLUSION

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's Decision denying the Plaintiff benefits. It is recommended that the ALJ's Decision be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 3rd day of February, 2017.

/s/ Mark E. Ford
_____
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

12